UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. SMITH-BEY,

      Petitioner,

                                    Case No. 20-cv-12965

v.

                                    Hon. Matthew F. Leitman

SHANE JACKSON and
HEIDI WASHINGTON,

      Respondents.

_____/

# ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Petitioner Robert A. Smith-Bey is a state prisoner in the custody of the Michigan Department of Corrections. On October 28, 2020, Smith-Bey filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 (*see* Pet., ECF No. 1.) Smith-Bey has also filed an emergency motion for a temporary restraining order (*see* Emergency Mot., ECF No. 2) and a motion for immediate consideration (*see* Mot. for Immediate Consideration, ECF No. 3).

Smith-Bey alleges in his pleading and motions that, due to the confluence of his health conditions (hypertension, high cholesterol, obesity, and asthma) the ongoing COVID-19 pandemic, his congregant living conditions in prison, and inadequate measures taken by the Michigan Department of Corrections, he is at risk of contracting COVID-19 and losing his health or life. (*See* Pet., ECF No. 1,

PageID.3; Emergency Mot., ECF No. 2, PageID.23-24; Mot. for Immediate Consideration, ECF No. 3, PageID.36.)  He seeks temporary and immediate release to his mother's home in West Bloomfield, Michigan on his own recognizance. (*See* Pet., ECF No. 1, PageID.9; Emergency Mot., ECF No. 2, PageID.26, 29.)

A preliminary question that this Court must answer is whether this district is the most appropriate venue for Smith-Bey's case.  The Court concludes that it is not.

As noted above, Smith filed his petition under 28 U.S.C. § 2241. Subsection (d) of Section 2241 provides that "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."  28 U.S.C. § 2241(d).  That subsection then provides that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

Here, Smith-Bey was convicted and sentenced in the Wayne County Circuit Court. (*See* Pet., ECF No. 1, PageID.1.)  The Wayne County Circuit Court is located in this district.  And Smith-Bey is currently in custody at the Earnest C. Brooks

Correctional Institution in Muskegon Heights, Michigan. (*See* Dkt.) That correctional institution is located in the Western District. Thus, both judicial districts have "concurrent jurisdiction" over Smith-Bey's petition. 28 U.S.C. § 2241(d).

The Court concludes that the proper exercise of its discretion under Section 2241(d) is to transfer this action to the United States District Court for the Western District of Michigan. Smith-Bey is incarcerated in that judicial district. And he is challenging his conditions of confinement at a facility in that district. In addition, the proper Respondent to this action – "the warden of the facility where [Smith-Bey] is being held" *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) – is also located in the Western District. Thus, the most appropriate venue for Smith-Bey's petition is the United States District Court for the Western District of Michigan. Other Judges in this district have reached the same conclusion in similar cases seeking habeas relief under Section 2241 due to the COVID-19 pandemic. *See Wilkes v. Rewerts*, No. 20-cv-11737 (E.D. Mich. July 31, 2020) (Hood, Chief Judge) (transferring habeas action brought under Section 2241 to the Western District of Michigan); *Reed v. Washington, et al.,* No. 20-cv-11669 (E.D. Mich. July 9, 2020) (Cox, District Judge) (same); *Whitley v. Horton*, No. 20-cv-11533 (E.D. Mich. July 21, 2020) (Murphy, District Judge) (same); *Sosby v. Brown* , No. 20-cv-11343 (E.D, Mich. June 10, 2020 (Lawson, District Judge) (same).

Accordingly, **IT IS ORDERED** that the Clerk of Court shall **TRANSFER** this case to the Southern Division of the United States District Court for the Western District of Michigan.  The Court has not adjudicated Smith-Bey's motion for a temporary restraining order (ECF No. 2) or his motion for immediate consideration of his request for injunctive relief (ECF No. 3).

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2020, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764